[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF OPINION (DELIVERED FROM BENCH MARCH 5, 1998)
Nature of proceedings
By petitions filed September 18, 1998, the Department of CT Page 2594 Children and Families (DCF) alleges the five children of Mariola and Adam M.[1] to have been neglected while in the de facto
custody of their mother. During a portion of time covered by the allegations, the father was incarcerated as he continued to be on March 5, 1998. Although the parents were married during all of the period covered by these petitions, the father's motion for blood testing to determine biological paternity of all of the children was granted during the pendency of this matter.
Adjudication and Disposition
On March 5, 1998, all parties and their respective attorneys, following an extensive pretrial conference, agreed to the following resolution of all pending neglect petitions:
1. DCF agreed to withdraw the petitions on all children other than Adam M., born 3/23/91.
2. Both parents entered pleas of nolo contendere to the allegations of the petition. On such a plea, the court may enter an adjudication only on those facts which have been well pleaded by the petitioner[2] which, in this case, are limited to the following:
 Adam M. Jr. had been abused while in the care of his father, and in the presence of his paternal grandfather, on three occasions prior-to the period covered by the current alleged neglect:
 — As a five-month old infant he had been struck in the chest by his grandfather while being held in his father's arms during a physical altercation between father and paternal grandfather.
 — As a four-year old, Adam Jr. had been sexually molested by his paternal grandfather while sleeping in the same bed with him during a week-end with the grandparents This information had been confirmed and communicated to the parents at the time.
 — Despite having secured a protective order against Adam M. Sr. in January of 1997, following an episode in which the father, having picked up his son from school in violation of a previously secured protective order, became intoxicated and left the child in the care of his intoxicated CT Page 2595 paternal grandfather, the mother permitted Adam Jr. to go for an overnight visit with his father in May of 1997 on the understanding that the paternal grandparents would supervise. It was learned later that during such visit, Adam, Jr., again was required lo sleep in the same bed with the paternal grandfather.[3]
 — The mother filed to follow DCF recommendations to secure counseling for the child.
 Since these facts, if established by a reasonable preponderance of evidence after trial, would have supported ;m adjudication of neglect, such adjudication was entered upon acceptance of the nolo contendere pleas of both parents.
3. Based upon current circumstances — incarceration of the father, the institution by the mother of a dissolution action in Family Relations in which she is seeking protection of visitation for Adam, Jr. (no contact whatever with paternal grandfather; no overnight visits with paternal grandparents; no unsupervised visits with the father) and the mother's willingness to pursue sexual trauma counselling for the child) — DCF recommended that the child be placed in the sole custody of the mother under subsection (d) of Sec. 46b-129.[3]
 Such custody, however, is to be subject to court ordered Protective Supervision for a period of six months under the provisions of subsection (i) of Sec. 1 7a-93:
 "'Protective supervision' means a status created by court order following an adjudication of neglect whereby a child's place of abode is not changed but assistance directed at correcting the neglect is provided at the request of the court through the Department of Children and Families or such other social agency as the court may specify."
 Following an in-court review in the month preceding the expiration of the six months of Protective Supervision, a determination will be made as to whether continued involvement by DCF is required to ensure the child's best interests after September 5, 1998.
4. Based upon the above disposition of the pending DCF action, CT Page 2596 the mother's motion to revoke the order for blood testing of Adam Sr. to confirm paternity of Adam Jr., as well as his siblings, was granted, without prejudice to Adam Sr. to renew such motion in the pending dissolution action.
Entered at Plainville this 5th day of March, 1998
Frederica S. Brenneman, Judge.